IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jason Madow, | C. A. No. 2:07-2760-DCN-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Jeffrey S. Berlowitz, Esq., individually, Antonio Duque a/k/a Antonio Gonzalez, individually, Aida Liliana Hernandez, individually, Elite Bulldozing & Construction, Inc., Willowbrook Homes, LLD, and Phillips, Cantor & Berlowitz, P.A., | |
| Defendants. | |

This civil action asserting common law torts brought by a federal prisoner incarcerated in South Carolina proceeding pro se is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion to dismiss. 28 U.S.C. § 636(b).

On August 10, 2007, the plaintiff, Jason Madow, filed this action against defendants Jeffrey S. Berlowitz, Phillips, Cantor and Berlowitz, P.A., Antonio Duque, Aida Liliana Hernandez, Elite Bulldozing & Construction Inc., and Willowbrook Homes, L.L.C. The complaint is unclear, but read liberally, it appears to allege that the defendants defrauded him in matters related to the foreclosure of real property in Florida. All acts complained

1

of occurred in Florida, all defendants are residents of the state of Florida and do business there. Plaintiff seeks one hundred thousand dollars ($100,000.00) in damages.

On October 29, 2007, defendants Jeffrey S. Berlowitz, and Phillips, Cantor and Berlowitz, P.A. filed a motion to dismiss the action for want of jurisdiction and improper venue as well as other grounds for dismissal along with affidavits. On October 29, 2007, Plaintiff was provided a copy of the defendants' motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On November 13, 2006, Defendants Antonio Duque, Aida Liliana Hernandez, Elite Bulldozing & Construction Inc., and Willowbrook Homes, L.L.C. filed a motion to dismiss the complaint for want of jurisdiction and improper venue as well as and various affidavits. On November 15, 2007, Plaintiff was provided a copy of the motion and another Roseboro order.

On December 3, 2007, Plaintiff filed a response to the motions, along with various unverified exhibits, in which he consented to dismissal of the action without prejudice so that he can bring the action in Florida. The defendants have not objected to the plaintiff's request. Therefore, it appears that the matter should be dismissed without prejudice.

**CONCLUSION**

Accordingly, for the aforementioned reason, it is recommended that the action be dismissed without prejudice to its being refiled in the proper Florida court. Rule 41, Federal Rules of Civil Procedure.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

February 28, 2008

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

4