IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jason Madow, | ) | |
| | ) | C/A No. 2:07-2760-MBS-RSC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Jeffrey S. Berlowitz, Esq., individually, | ) | |
| Antonio Duque, a/k/a Antonio Gonzalez, | ) | |
| individually, Aida Liliana Hernandez, | ) | |
| individually, Elite Bulldozing & | ) | |
| Construction, Inc., Willowbrook | ) | |
| Homes, LLC, and Phillips, Cantor & | ) | |
| Berlowitz, P.A., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jason Madow is a federal prisoner currently housed in South Carolina. Appearing *pro se*, Plaintiff brings this action asserting fraud and other causes of action against Defendants Jeffrey S. Berlowitz, Esq., Antonio Duque, a/k/a Antonio Gonzalez, Aida Liliana Hernandez, Elite Bulldozing & Construction, Inc., Willowbrook Homes, LLC, and Phillips, Cantor & Berlowtiz, P.A. Specifically, Plaintiff alleges that Defendants defrauded him in several matters relating to real property located in Florida and brings this action pursuant to the court's diversity jurisdiction. See 28 U.S.C. § 1332.

On October 24, 2007, Defendants Antonio Duque and Aida Liliana Hernandez, appearing *pro se*, filed a motion to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction. On October 29, 2007, Defendants Jeffrey S. Berlowitz, Esq. and Phillips, Cantor & Berlowitz, P.A. filed a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a cause of action against them. On October 29,

2007, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately.

On November 13, 2007, counsel for Defendants Antonio Duque, Aida Liliana Hernandez, Elite Bulldozing & Construction, Inc., and Willowbrook Homes LLC noticed his appearance and filed a motion to dismiss on the behalf of these Defendants. On November 15, 2007, a second order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately. On December 3, 2007, Plaintiff filed one response in opposition to all motions to dismiss filed by the Defendants.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On February 29, 2008, the Magistrate Judge filed a Report and Recommendation in which he recommended that the complaint be dismissed without prejudice. The Magistrate Judge noted that Plaintiff, in his response, consented to dismissal of the action without prejudice in order to allow him to bring this action in Florida. The Magistrate Judge also noted that Defendants did not object to Plaintiff's request. (Report and Recommendation at 2.) None of the parties filed any objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is

2

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

On March 11, 2008, Plaintiff filed a motion to amend the Report and Recommendation, in which he concurs with the Magistrate Judge's findings but requests that this case be transferred to the Northern District of Florida instead of being dismissed. A federal district court may transfer a civil action to another district where the action may have been brought, if it is in the interests of justice. 28 U.S.C. §§ 1404, 1406. Generally, when determining whether to exercise its discretion to transfer an action, the court must first determine whether venue would be proper in the proposed transferee district. See 28 U.S.C. §§ 1404(a), 1406(a); Selective Ins. Co. of South Carolina v. Schremmer, 465 F. Supp. 2d 524, 527 (D.S.C. 2006). Based upon the record before the court, it appears that venue would not be proper in the proposed transferee district.

For purposes of diversity jurisdiction, "the controlling consideration is the domicile of the individual." Jones v. Hadican, 552 F.2d 249, 250 (8th Cir. 1977)(citations omitted). Generally, there is a presumption that a prisoner's domicile is the location where he was domiciled before his incarceration. See Roberts v. Morchower, 1992 U.S. App. LEXIS 3848, *1 (4th Cir. 1992)(citing Polakoff v. Henderson, 370 F. Supp. 690 (N.D. Ga. 1973)); Ownby v. Cohen, 19 F. Supp. 2d 558,

3

563 (W.D. Va. 1998)(citing 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3618 (1984) and Price v. Carr-Price, 23 F.3d 402 (4th Cir. 1994)). Although this presumption may be rebutted by "a prisoner who could show facts sufficient to indicate a *bona fide* intention to change his domicile to the place of his incarceration," such rebuttal requires the prisoner to present more than "unsubstantiated declarations" that he intends to change his domicile. Jones, 552 F.2d at 251 (emphasis in original). In fact, the prisoner must allege facts in his complaint that "raise a substantial question about the prisoner's intention to acquire a new domicile." Id.

Defendants are each residents and citizens of Florida. Defendants have alleged that Plaintiff was a resident of Florida before his incarceration in South Carolina, which Plaintiff does not appear to dispute. In the complaint, Plaintiff alleges that he is currently a resident of South Carolina based on his incarceration in South Carolina. In his response to Defendants' motions, Plaintiff asserts that he will seek permanent residency in South Carolina after release from incarceration. Plaintiff's mere declarations that he is a citizen of South Carolina and that he intends to be domiciled in South Carolina after his release from incarceration is not enough to rebut the presumption that he is domiciled in Florida. See id. Therefore, on the record before this court, it would appear that there is no federal jurisdiction over this action.[1] See 28 U.S.C. § 1332. If there is no federal jurisdiction over this action, the United States District Court for the Northern District of Florida would not be an appropriate venue. See 28 U.S.C. §§ 1332, 1391. As such, transfer to the United States District Court for the Northern District of Florida would not be appropriate. See 28 U.S.C. §§ 1404, 1406;

---

[1] As noted, Plaintiff asserts that there is federal subject matter jurisdiction based on diversity and gives no other basis for federal jurisdiction. (See Compl. ¶ 1.)

Selective Ins. Co. of South Carolina, 465 F. Supp. 2d at 527.  Therefore, Plaintiff's motion to amend the Report and Recommendation (Entry 51) by ordering a transfer of this action to the Northern District of Florida is denied.

After thorough review of the Report and Recommendation, the record in its entirety, and examining the applicable law, the court concurs in the findings of the Magistrate Judge.  The Report and Recommendation is adopted and incorporated by reference.  As such, Plaintiff's complaint is dismissed without prejudice.  Additionally, Plaintiff's motion to amend (Entry 51) is denied for the reasons stated herein.

IT IS SO ORDERED.

s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina
April 16, 2008

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**